| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**CAPTION IN COMPLIANCE WITH D.N.J. LBR 9004-2(C)**<br><br>**THE LAW OFFICE OF EDWARD HANRATTY**<br>EDWARD HANRATTY, ESQ. (052151997)<br>57 WEST MAIN, SUITE 2D<br>FREEHOLD, NJ 07728<br>TEL: (732) 866 6655 | |
| IN RE:<br><br>**JAVIER ROSARIO & DIANA ROSARIO** | CASE NO.: 12-26769<br>ADVERSARY NO.: 22-_____<br>JUDGE: MBK |
| JAVIER ROSARIO & DIANA ROSARIO<br>**PLAINTIFFS**<br>VS.<br>NAVIENT<br>**DEFENDANTS** | **CIVIL ACTION** |

**NOW COMES** the Debtors, Javier Rosario, and Diana Rosario, through her attorney, Edward Hanratty, and by way of complaint says as follows:

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS AND OTHER RELIEF NATURE OF THE ACTION

1. This is an adversary proceeding seeking a discharge of educational loans as an undue hardship pursuant to 11 U.S.C. § 523(a)(8) and Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure.

2. This complaint further asserts that some of all of the loans held, owned, or serviced by the defendants are not qualified student loans within the meaning of 11 USC 523 (8) and are subject to the discharge entered in the bankruptcy case.

3. The defendants were properly noticed of the instant bankruptcy petition when it was filed.

4. Defendant Navient is a lender located at 220 Lasley Ave, Wilkes-Barre, PA 18706

## CLAIM FOR RELIEF

5. According to 11 U.S.C. Section 523 (a)(8) of the Bankruptcy Code, the loans are Dischargeable because they would impose an 'undue' hardship. Plaintiffs are requesting to have total debt of remaining to the Defendants discharged.

6. Despite debtor's good faith efforts to repay defendants, she has not been able to do so. Debtor cannot maintain a minimal standard of living for herself if forced to repay the loans. Due to the debtor's employment trend, it is not likely that the debtor's ability to pay will change in the foreseeable future.

7. Based on the criteria set forth in <u>Brunner v. New York State Higher Education Service Corp., 831 F.2d 395(2d Cir.1987) (per curiam)</u>, as adopted by the United States Court of Appeals for the Eleventh Circuit in <u>Hemar Ins. Corp of America v. Cox (In re Cox), 338 F.3d 1238, 1242 (11th $^{Cir}$, 2003)</u>, the debtor qualifies for, and should be granted, a discharge of the above-described educational loans.

**WHEREFORE,** the debtor asks that this Court enter an Order declaring the some or all of the student loan debt of the debtor to be discharged in this bankruptcy case and grant such other and further relief as this Court may deem appropriate.

## COUNT 1

1. The debtor repeats and realleges the allegations contained above as if set forth herein.

2. Under § 523(a)(8), debtors are not permitted to discharge educational loans "unless excepting such debt from discharge ... would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The creditor bears the initial burden of establishing that the debt is of the type excepted from discharge under § 523(a)(8). Once the showing is made, the burden shifts to the debtor to prove that excepting the student loan debt from discharge will cause the debtor and her dependents "undue hardship." <u>Educ. Credit Mgmt. Corp. v. Savage (In re Savage), 311 B.R. 835 (1st Cir. BAP 2004)</u>; see <u>also Smith v. Educ. Credit Mgmt. Corp. (In re Smith)</u>, 328 <u>B.R. 605 (1st Cir. BAP 2005)</u>. Debtor alleges that the defendants cannot show that the loans at issue are student loans within the meaning of the code.

3. 11 USC 523 (a)(8) of the bankruptcy code describes an educational loan as a qualified educational loan as that term is defined in the Internal Revenue Code at 221(d)(1). That section of the Internal Revenue Code defines a qualified educational loan as a debt incurred to pay qualified higher education expenses. Qualified higher expense is defined at 26 USC 221(d)(2) and 20 USC 1087ll as tuition, books, housing and other related expenses.

4. The loan made by defendant is not an educational loan within the meaning of the bankruptcy code as it was not incurred solely for qualified higher education expenses.

5. A qualified higher education expense is defined as:

   (3) Qualified higher education expenses

   (A) In general-The term "qualified higher education expenses" means—

    i. tuition, fees, books, supplies, and equipment required for the enrollment or attendance of a designated beneficiary at an eligible educational institution.

    ii. expenses for special needs services in the case of a special needs beneficiary which are incurred in connection with such enrollment or attendance [2]

    iii. expenses paid or incurred in 2009 or 2010 for the purchase of any computer technology or equipment (as defined in section 170 (e)(6)(F)(i)) or Internet access and related services, if such technology, equipment, or services are to be used by the beneficiary and the beneficiary's family during any of the years the beneficiary is enrolled at an eligible educational institution. Clause (iii) shall not include expenses for computer software designed for sports, games, or hobbies unless the software is predominantly educational in nature.

(B) Room and board included for students who are at least half-time.

    i. In general In the case of an individual who is an eligible student (as defined in section 25A (b)(3)) for any academic period, such term shall also include reasonable costs for such period (as determined under the qualified tuition program) incurred by the designated beneficiary for room and board while attending such institution. For purposes of subsection (b)(6), a designated beneficiary shall be treated as meeting the requirements of this clause.

    ii.  Limitation the amount treated as qualified higher education expenses by reason of clause (i) shall not exceed—

(I)  the allowance (applicable to the student) for room and board included in the cost of attendance (as defined in section 472 of the Higher Education Act of 1965 (20 U.S.C. 1087ll), as in effect on the date of the enactment of the Economic Growth and Tax Relief Reconciliation Act of 2001) as determined by the eligible educational institution for such period, or

(II)  if greater, the actual invoice amounts the student residing in housing owned or operated by the eligible educational institution is charged by such institution for room and board costs for such period.

6. In order to be a qualified student loan, the indebtedness must be incurred solely to pay qualified higher education expenses. Accordingly, *mixed use* loans are not qualified education loans. (Deductions for Qualified Education Loans, 64 F.R. 32570-01, emphasis in original).

7. The loans at issue are mixed use loans at best, and are not qualified educational loans, and are not excepted from discharge under 11 USC 523 (a)8(B), which states "any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual."

**WHEREFORE**, debtor demand judgment against the defendants denying the loans exception from discharge.

## COUNT 2

1. The debtor repeats and realleges the allegations contained above as if set forth herein.

2. Excepting the aforementioned debts from discharge under this paragraph would impose an undue hardship on the debtors and the debtor's dependents.

**WHEREFORE,** the debtor asks this court to enter an order awarding the debtor damages costs and attorney fees as well as such other relief as is equitable and just.

Respectfully submitted,

**By: /s/ Edward Hanratty**

Date: May 24, 2022            EDWARD HANRATTY, ESQ.